JOSEPH E. ALLEN vs. SAMUEL J. GERARD.

PROVIDENCE—NOVEMBER 6, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Garnishment.  In custodia legis.*

The balance of a fund paid into the registry of the court under the pro-
visions of Gen. Laws R. I. cap. 254, §§ 2–3, remaining therein after the
satisfaction of the execution in the original action, is not subject to gar-
nishment as the personal estate of the defendant in the original action,
in the hands of the clerk of said court.

The fund in the case at bar is in the custody of the law.

In the case stated, as no action would lie in favor of the principal debtor,
the original defendant, to recover said balance from the registry of the
court, it is not liable to attachment by trustee process.

*Semble,* a public officer, who has money in his hands to satisfy a claim or
demand which one has upon him merely as a public officer, is not subject
to trustee process.

ASSUMPSIT.  The facts are fully stated in the opinion.
Heard on exceptions of the plaintiff to the ruling of a Dis-
trict Court in discharging the garnishee.  Exceptions over-
ruled.

TILLINGHAST, J.  The only question raised by the excep-
tions in this case is whether the ruling of the District Court of
the Sixth Judicial District, in discharging Frederick Rueck-
ert, who is the clerk of said court, as garnishee in the above-
entitled action, was correct.

The facts, in so far as they are necessary for the determi-
nation of the case, are these :  An action was brought in said
court whereby certain personal property was attached.  This
property, being perishable, was subsequently sold by order
of the court, under the provisions of Gen. Laws R. I. cap.
254, §§ 2–3, and the net proceeds of the sale, amounting to
$156.04, were paid into the registry of said court.  Said sec-
tion 3 reads as follows :  " If, after reasonable notice, no per-
son appear, or no sufficient cause to the contrary be shown,
said justice may direct the officer to sell the same in such
manner, on such notice, and at such time, as said justice may

prescribe ; and such officer shall immediately pay the proceeds of such sales, after deducting therefrom the necessary charges therefor, into the registry of such court, there to be held as security to satisfy such judgment or decree as the attaching creditor or complainant may recover." The plaintiffs in the action referred to recovered judgment, and obtained execution thereon, for the sum of $57.29, which sum was paid to them by said Rueckert, clerk, out of the fund in the registry of the court, leaving a balance therein of $98.75. Thereupon the plaintiff commenced the present action and served his writ upon said Rueckert for the purpose of attaching said balance in his hands.

The plaintiff's contention is that, the clerk of the court having paid and satisfied the execution in the original action, the defendant therein became entitled to have and receive from him the balance remaining in his hands, and hence that it was subject to the process of garnishment at the suit of (1) the present plaintiff. While there is some conflict of authority upon the question of the liability of public officials to the process of garnishment (see 2 Wade on Attachment, § 347), we think the decided weight thereof, as well as the better reason, is against such liability ; and that a public officer who has money in his hands to satisfy a claim or demand which one has upon him merely as a public officer cannot, for this reason, be adjudged a garnishee. The reason is obvious. Public officials are charged with certain well-defined duties, and the law prescribes the manner in which they shall be performed. If, while in the discharge of these duties, the officer is interfered with by some person who is a stranger to the proceedings, confusion and inconvenience will necessarily be the result, new complications will arise, and a multitude of suits be made possible where there should have been but one. And in order to avoid such inconvenience and confusion, the principle has very generally been established that " no person deriving his authority from the law, and obliged to execute it according to the rules of law, can be holden by process of this kind." *Brooks* v. *Cook*, 8 Mass. 246 ; *Thayer* v. *Tyler*, 5 Allen, 94. See also cases collected in note to *Curtis* v.

*Ford,* 10 L. R. A. 529, and *Tefft* v. *Loewenherz,* 5 L. R. A. 221 ; *Shewell* v. *Keen,* 2 Wharton (Pa.), 332.

But plaintiff's counsel argues that, although an officer of the court, having funds in his hand as such officer, is not liable to garnishment, such funds being then *in custodia legis,* yet, after the object for which such funds are held has been satisfied, such officer holds the balance thereof, not as an officer, but as trustee for the person entitled thereto, and hence, in a suit against such person, such trustee may be garnished. In support of this contention he cites, amongst other cases, *Pierce* v. *Carleton,* 12 Ill. 358, which holds that surplus money held on execution in the hands of an officer, belonging to the defendant, may be garnished in his hands ; and *Weaver* v. *Davis,* 47 Ill. 235, which holds that whenever an official holds money merely as the agent of the law, he cannot be charged on garnishee process in respect to such money ; but that whenever his liability becomes changed from an official to one personal, he is amenable to the process. Conceding that these cases state the law correctly, we do not think they control the decision in the case at bar. Here the money sought to be reached is in the registry of the court, and hence undoubtedly in the custody of the law. It was placed there in pursuance of the statute. The clerk of the court, as such, has no control over it, nor is he any way liable for it, except as the custodian of the court. He holds the money in his official capacity only (*Curtis* v. *Ford,* 10 L. R. A. 529); and can only pay it out as ordered by the court. After satisfying the execution in the original action, Mr. Rueckert did not cease to be the legal custodian of the balance of the money, nor did he thereby withdraw such balance from the registry of the court, so as to hold it in a personal rather than in an official capacity, or become liable to any action therefor in favor of the defendant in said original action. And the general rule is that, in order to charge a person as garnishee, the principal debtor must have a cause of action against him. *Carpenter* v. *Gay,* 12 R. I. 306 ; *Waldron* v. *Wilcox,* 13 R. I. 518 ; *Tucker* v. *Pollock,* 21 R. I. 317. Money in the registry of a court is wholly under the control of that court unless

there is some supervisory jurisdiction over the same, and cannot be paid out until an order is duly made for that purpose. And this being so, no argument is necessary to show that it is not liable to attachment by trustee process.

The following cases, together with many others which might be cited, support the view which we have taken, viz.: *Hunt* v. *Stevens*, 3 Iredell, 365; *Drane* v. *McGavock*, 7 Humph. (26 Tenn.) 132; *Pace* v. *Smith*, 57 Tex. 555; *Ross* v. *Clarke*, 1 Dall. (Pa.) 354; *Mattingly* v. *Grimes*, 48 Md. 102. See also *American Bank* v. *Snow*, 9 R. I. 11.

Exceptions overruled, and case remitted to the District Court for further proceedings.

*William A. Morgan*, for plaintiff.
*Dexter B. Potter*, for defendant.