EDWARD C. STINESS *vs.* DREW H. HENDERSON *et al.*

JANUARY 17, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Interpleader.*

Complainant as counsel in two actions for personal injury to respondents, who at the time were husband and wife, recovered judgment in favor of the respondents. Thereafter respondents made various claims as to payment of counsel fees and expenses of suit against one another and complainant filed interpleader and a consent decree was entered permitting him to pay into court the proceeds of the two judgments after deducting his fees charged respectively against each judgment.

Decree was entered before answers were filed.

*Held,* that from the answers it appeared that interpleader would not lie, since the claim of one respondent was simply for breach of contract against the other, *but* as the decree was not appealed from and was final the parties could not be placed *in statu quo* by dismissing the bill, and although the case could not be disposed of as one of interpleader, the bill should be retained to make an equitable disposition of the fund.

*Held,* further, that the portion of the fund to which each respondent was entitled when it was paid into the court should be returned to them; the costs and expenses of complainant retained by him with consent of respondents upon filing of the bill and the fees taxed by the clerk should be borne equally by respondents and neither should recover costs.

(2) *Interpleader.*

Interpleader cannot be maintained when the demand of one party is against the other personally and not upon the fund in dispute.

INTERPLEADER.   Heard on appeal of one respondent and appeal sustained.

RATHBUN, J.   This action was commenced by a bill of interpleader.  Respondents, Eldridge E. Henderson and Drew H. Henderson, were formerly husband and wife.  The complainant, a practicing attorney, was formerly counsel for the two respondents and as such counsel recovered a judgment in favor of each of the respondents in actions of trespass on the case for negligence against Estelle Dimond (see 43 R. I. 60) whose chauffeur, acting within the scope of his employment, so negligently operated an automobile as to necessitate the driving of an automobile, in which the Hendersons (then man and wife) were riding, off from the highway and against a tree thereby injuring Mrs. Henderson and damaging said automobile which was the property of her husband.  All expenses (except counsel fees) necessary for the prosecution of the two said actions were paid by the husband.  The husband and wife each obtained a verdict. When the complainant as counsel collected these verdicts (Mr. and Mrs. Henderson having been in the meantime divorced) Mrs. Henderson, conceiving it to be the duty of Mr. Henderson to pay counsel for his services in her case, demanded of complainant the full amount of the judgment recovered for her.  Mr. Henderson not only objected to paying counsel fees for Mrs. Henderson but suggested that he should receive out of the funds collected for Mrs. Henderson one-half of the moneys expended by him in the prosecution of the two cases.  Thereupon the complainant brought this bill of interpleader.

The bill states the facts and alleges that each of the parties had made a demand upon the complainant for sums of money which, taken in the aggregate, would exceed the amount in his hands after deducting his fees, and prays that he be permitted to pay into court the proceeds of the two judgments and that respondents be required to interplead. Thereafter Mrs. Henderson abandoned her contention that

the fees of complainant as counsel in her case should be deducted from funds collected on the judgment in favor of Mr. Henderson. From the funds collected on the judgment in favor of Mrs. Henderson the complainant deducted his fees for prosecuting her case and likewise from the funds collected on the judgment in favor of Mr. Henderson deducted the fees for prosecuting his case and a consent decree was entered permitting the complainant to pay into court the proceeds of the two judgments (after deducting his fees) less the sum of $77.80 which he was permitted to retain as costs and expenses in bringing the bill. The decree dismissed the complainant and ordered the respondents to interplead and settle the matters in controversy between themselves.

For the convenience of counsel, and at their request, a justice of the Superior Court to whom the case was assigned for hearing heard testimony before answers were filed setting out the respondents' respective claims to the fund which in accordance with the terms of said decree had been paid into the registry of the court. Afterwards Mr. Henderson filed an answer alleging that before the trial of the two cases against Estelle Dimond he and Mrs. Henderson had entered into an agreement "to share the expenses necessarily incident to said trials;" that relying upon said agreement he had incurred certain expenses (an itemized statement of which was made a part of the answer) necessary for the prosecution of their said cases. On a later date Mrs. Henderson filed an answer in which she denies making said alleged agreement and states that she "makes no claim against the complainant for any money in his hands alleged to have been recovered in a suit at law by respondent Eldridge E. Henderson, . . . nor does she make any demand on said complainant other than that he pay over to her the amount due her upon a judgment obtained as set forth in said bill less his lawful fees."

The parties and said justice assumed that the issue between the respondents was whether they entered into said

alleged agreement and if they did what was the sum of the moneys expended by Mr. Henderson in accordance with the terms of the agreement. Said justice found that the respondents did agree as alleged by Mr. Henderson and that Mr. Henderson had expended in accordance with the terms of said agreement the sum of two hundred dollars and directed that one-half of said sum be deducted from the proceeds of Mrs. Henderson's judgment and paid to Mr. Henderson. A decree in accordance with the decision of said justice was entered. The case is before this court on Mrs. Henderson's appeal from said decree.

Had the answers been filed before the decree of interpleader was entered it would have been apparent that the court had no jurisdiction to decree interpleader and that the bill ought to be dismissed because it would have then appeared that Mrs. Henderson made no claim to any portion of the proceeds of Mr. Henderson's judgment and that Mr. Henderson's claim was not for any portion of the proceeds of Mrs. Henderson's judgment but a claim against Mrs. Henderson personally for breach of contract. Neither the answer of Mr. Henderson nor even the proof suggests that Mrs. Henderson assigned to him any portion of the proceeds of her judgment and the agreement relative to expenses was made long before Mrs. Henderson had any fund to assign. A bill of interpleader can not be maintained when the demand of one complainant is against the other complainant personally and not upon the fund in dispute. *Boss* v. *Lederer*, 43 R. I. at 551; 23 Cyc. 8.

The question which now arises is what disposition shall be made of the fund which the decree of interpleader permitted the complainant to pay into the registry of the court. The decree of interpleader discharged the complainant. As said decree was not appealed from and is now final, the parties can not be placed *in statu quo* by dismissing the bill and directing that the fund be returned to the complainant. By the strict rules of interpleader Mr. Henderson is entitled to receive no portion of the proceeds of Mrs. Henderson's

judgment and Mrs. Henderson makes no demand upon any portion of Mr. Henderson's judgment but having suggested that the court below had no jurisdiction to decree interpleader it would be illogical to dispose of the case as one of interpleader. As the money is now in the custody of the court the bill should be retained for the purpose of making an equitable disposition of the fund.

The funds being *in custodia legis* the portion belonging to Mrs. Henderson can not be reached by attachment in an action against her by Mr. Henderson for breach of contract and the only equitable disposition which can be made of the fund is to deliver to each of the respondents that portion of the fund to which they respectively were entitled at the time the money was paid into court. Mr. Henderson is entitled to receive the proceeds of his judgment as paid into court and Mrs. Henderson is entitled to receive the proceeds of her judgment as paid into court. The costs and expenses of the complainant, which he retained with the consent of the respondents, and the fees taxed by the clerk should be borne equally by the respondents and neither respondent should recover costs.

The appeal is sustained and the decree appealed from is reversed but without prejudice to any rights of Mr. Henderson to commence proceedings against Mrs. Henderson for breach of contract.

The parties may present to this court a form of decree in accordance with this opinion on January 26, 1923, at 10 o'clock a. m.

*Daniel H. Morrissey*, for complainant.

*James J. McCabe, Edgar L. Burchell*, for respondent, Drew H. Henderson.

*Waterman & Greenlaw*, for respondent Eldridge Henderson. *Charles E. Tilley*, of counsel.