FRANCIS B. MANCHESTER *vs.* GILBERT A. MANCHESTER.
POINT TRAP COMPANY, INC. *vs.* GILBERT A. MANCHESTER.
POINT TRAP COMPANY, INC. *vs.* GILBERT A. MANCHESTER
*et al.*

MAY 23, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

ROBERTS, J. These three cases were heard together before this court. The first is a suit in equity for the dissolution of a partnership and the second is an action in assumpsit, both of which were brought in the superior court. In the equity action the respondent's motion to adjudge the receiver in contempt and in the law action the defendant's motion to discharge the receiver from garnishment were each denied by a justice of the superior court, and respectively as respondent and as defendant he thereafter prosecuted to this court an appeal from the decree in the

equity suit and a bill of exceptions from the decision in the law action. He also filed in this court a petition for certiorari, the third case before us, to review and quash the decision denying his motion to discharge the garnishee in the law action. The writ issued, and pursuant thereto the pertinent records in these matters have been certified to this court.

The petitioner in the certiorari proceeding seeks consideration of all three appellate procedures in order that some ruling might be obtained that would be finally dispositive of the issue raised thereby, that is, whether he is entitled to a return of money deposited by him with the receiver either by reason of the illegality of the attachment or by virtue of the order to return such deposit set out in the decree of December 13.

It appears from the records that in October 1961 Francis B. Manchester brought a bill in equity against Gilbert A. Manchester, the petitioner in the certiorari proceeding and who hereinafter will generally be referred to as the petitioner, seeking the dissolution of a partnership pursuant to which they had conducted a shellfish business in the town of Tiverton under the name of Manchester Brothers. On November 27, 1961 a consent decree was entered by the superior court appointing Clifton L. Tallman as permanent receiver for the dissolution of the partnership. He will hereinafter be referred to as the receiver.

The consent decree provided for the liquidation of the partnership and included a provision for submission by complainant and respondent of sealed offers for the purchase of the assets thereof. The decree required that such offers, if made, be submitted to the court on November 27, 1961 and, to be valid, must be accompanied by "a certified or bank cashier's check" in an amount equal to 10 per cent of the bid therein made. Further directions in the decree relate to the acceptance of the high bid and the time within

which payment of the balance of the offer must be made. There is an express provision therein that "The Receiver shall return to any person whose offer is not accepted the deposit check submitted with his offer."

It appears from the face of the record that the decree entered by the court on November 27 was filed in the office of the clerk of that court on November 29, but it further appears that the sealed offers made by complainant and respondent were opened in court on November 27. The offer submitted by complainant was the higher of the two bids, and after the opening of these bids the deposit checks submitted therewith were delivered into the possession of the receiver.

Thereafter, on December 13, 1961, a decree was entered in which the receiver was ordered to accept complainant's bid and to transfer to him the assets of the partnership upon his payment of an amount equal to 50 per cent of the bid price made on or before December 27, 1961. Further provision was made therein that the receiver, upon receipt of the payment by complainant as directed, was "authorized and directed to return to Gilbert A. Manchester, the respondent in the above entitled cause, the sum of Eighty-One Hundred and 30/100 ($8,100.30) Dollars, said sum being the amount of the deposit made by said Gilbert A. Manchester at the time he submitted his sealed bid for said assets."

It is not disputed that on December 18, 1961 complainant paid the balance due on his bid for the assets of the partnership in the manner prescribed in the decree of December 13 and that thereupon title to the assets of the partnership was conveyed to him. On that same day Point Trap Company, Inc. instituted an action in assumpsit against Gilbert A. Manchester, the petitioner in certiorari, and pursuant thereto, and after the transfer of the assets referred to above, a writ of attachment was served upon the receiver

404

at 4:30 that afternoon attaching such property of defendant as was then in his hands and possession. The receiver thereafter filed a garnishee's affidavit, so called, wherein he stated that at the time of such service upon him he had in his hands and possession property of defendant in that action consisting of money in the amount of $8,100.30.

On December 27, 1961 the petitioner in certiorari, as the defendant in the law action, moved to vacate the attachment and to discharge the garnishee on the ground that the attachment was illegal because funds in the hands and possession of a receiver in an equity proceeding are custodia legis and therefore exempt from attachment. On the same day, as the respondent in the equity proceeding for the dissolution of the partnership, he moved to adjudge the receiver in contempt by reason of his neglect to return the moneys held by him pursuant to the decree of December 13.

We are of the opinion that the deposit in the possession of the receiver was at the time of the service of the writ of attachment in custodia legis and exempt from such attachment. Courts in general accept the view that a receiver appointed by a court of equity is an officer thereof and property in his possession which constitutes a part of the estate that is the subject of the receivership is in custodia legis until it is disposed of by the receiver in compliance with an order of that court. *Tatlebaum* v. *Pantex Mfg. Corp.*, 204 Md. 360; *Erikson* v. *Hewlett*, 212 Ga. 423. It has, however, been held that while property may be in the possession of a receiver, if it is not a part of the estate that he was appointed to conserve or administer, it is not in the custody of the law so as to be exempt from attachment. *Sioux Falls Broadcasting Ass'n* v. *Henry Field Co.*, 226 Iowa 874; *Shapiro* v. *Goldman*, 253 Mass. 60.

The latter test, however, is not always determinative of the question of whether property in the possession of a receiver is in custodia legis. That determination may at

times depend upon the character of the authority pursuant to which the receiver acquired possession thereof. Where the possession of a receiver is merely derivative, that is, acquired pursuant to a judicial act of the court establishing the receivership, its possession is ordinarily held to be that of the court. In other words, when a receiver acquires possession of property, whether it is as an incident of the performance of a judicial act by the court or as part of the receivership estate, the receiver is a mere instrument of the court and with respect to such property he may act only as the court orders or directs. See *Allen* v. *Gerard*, 21 R. I. 467, 468.

The view that property which is not a part of the estate may not, while in the possession of the receiver, be in the custody of the court is based upon a misconception of the jurisdiction of an equity court to act in personam. Where a court of equity acts in personam it may make its officers merely instruments through which it acts. Where such a court directs a receiver appointed by it to take possession of property that is not part of the receivership estate, it is the court acting through the instrumentality of the receiver that takes such possession. Such property in those circumstances continues in that status until it is disposed of by the receiver pursuant to the direction of a court, and to remove the property from custodia legis full compliance with the order of the court on the part of the receiver is necessary.

If it be conceded that the deposit under consideration while in the possession of the receiver was not a part of the partnership assets, nevertheless he acquired possession thereof at the express direction of the court. The court thereafter by the entry of its decree of December 13 instructed the receiver expressly to dispose of the deposit by returning it to the unsuccessful bidder immediately upon conveying the assets of the partnership to the successful

bidder. Until the receiver complied fully with that order the deposit, in our opinion, remained in custodia legis and was exempt from attachment. For this reason we are constrained to conclude that it was error for the superior court to deny the defendant's motion to discharge the garnishee in the law action and to that extent, pursuant to the petition for the writ of certiorari, the record is quashed. That being so, it will not be necessary for us to pass upon the plaintiff's motion to dismiss as premature the bill of exceptions therein.

Because we take the view that the attachment was illegal and void, neither will it be necessary for us to pass upon the merits of the appeal from the denial by the superior court of the respondent's motion to adjudge the receiver in contempt in the equity proceeding. The receiver has expressly disclaimed in this court any willful purpose to avoid the order of the superior court to return the deposit pursuant to the decree, asserting that his inaction in this respect resulted from reasonable doubt as to the effect of the attachment. In these circumstances this court will not presume that the receiver as an officer of the equity court will refuse or neglect to comply with its order as set out in the decree and will return the deposit to the petitioner forthwith. It is our conviction that the ends of justice will be best served by the return of these cases to the superior court for such further proceedings in accordance with this opinion as may be required.

The respondent's appeal in the equity action is denied pro forma, the defendant's exception in the law action is overruled pro forma, the petition for certiorari is granted and the decision of the superior court in the law action denying the defendant's motion to discharge the garnishee is hereby quashed, and the records certified to this court are ordered returned to the superior court with our decisions endorsed thereon.

*Hinckley, Allen, Salisbury & Parsons, John R. Allen,* for Point Trap Company, Inc. and Francis B. Manchester.

*Fergus J. McOsker,* for Gilbert A. Manchester.

*Corcoran, Peckham & Hayes, Edward B. Corcoran,* for respondent Clifton L. Tallman, Permanent Receiver.