**STATE of Maine**

v.

**Vincent FIORE.**

**82–464–Appeal.**

Supreme Court of Rhode Island.

Aug. 22, 1985.

Lynda L. Laing, Jay R. Katznelson (Strauss Factor Hillman & Lopes, P.C.), Providence, for plaintiff.

Samuel Miller, John F. Cuzzone, Jr. (Quinn Cuzzone & Geremia), Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This is an appeal from an order of a justice of the Superior Court who granted a motion to release to the plaintiff, the State of Maine (Maine), funds that had been placed°on behalf of the defendant, Vincent Fiore (Fiore), in the registry of court. The release followed an attachment by Maine to collect back taxes owed by Fiore in connection with a business that Fiore had operated in Maine. We reverse.

The facts of this case are as follows. Fiore was president of Park Motors, Inc., a Maine automobile dealership that eventually became insolvent. Maine claimed $55,-908.74 in sales taxes due from the company but was unable to collect against Park Motors as a corporate entity. Maine decided instead to pursue Fiore under Me.Rev.Stat. Ann. tit. 36, § 1921 (1978), which imposes personal liability under a trust-fund theory against an officer of a Maine corporate retailer, which has wrongfully failed to transmit sales taxes.

In an action for taxes due and unpaid filed in the Superior Court for Providence County, Maine was granted summary judgment against Fiore in the amount of $55,-908.74 plus interest and costs. An execution was then issued but was returned unsatisfied.

Persistent in its effort to collect the taxes due and owing, Maine sought to attach funds that had been deposited in the registry of court in respect to an unrelated case. Fiore was a fourth-party defendant in an action entitled *Ford Motor Credit Corp. v. Mario J. Teotonio* (C.A. No. 80–4278). In the course of proceedings in respect to that action, a justice of the Superior Court ordered Fiore to deposit the sum of $7,500 in the registry of the Superior Court in order to release certain property that had been seized pursuant to a writ of replevin. It has been asserted that since Fiore was

unable to provide these funds himself, he sought the aid of his son, John Fiore (John). At the time of this action, John was president of a business entity entitled Interstate Tire Services, Inc. (Interstate). John, using either funds of Interstate or credit of Interstate, obtained a treasurer's check from Citizens Bank in the amount of $7,500. This check was made payable to the attorney for Vincent Fiore, John F. Cuzzone, Jr., Esquire. Attorney Cuzzone endorsed this check to the clerk of the Superior Court for deposit in the registry in accordance with the court order that had required such a deposit to be made.

Maine filed a motion to attach the funds of defendant Fiore which were then in the registry of the Superior Court in Civil Action No. 80–4278. Prior to the filing of this motion, a judgment had entered in favor of Fiore in the *Ford Motor Credit Corp.* case, from which no appeal was taken. Two days prior to the termination of the appeal period, Maine's motion to attach the funds in C.A. No. 80–4278 was granted. A writ of attachment was then filed in the Superior Court on May 4, 1982. On May 21 Maine moved to charge the registry as garnishee of the funds. Over the objection of Fiore, a justice of the Superior Court granted Maine's motion to charge the garnishee. At a subsequent hearing, a justice of the Superior Court, without taking any evidence on the question of ownership of the funds, determined that said funds were "the funds of Vincent Fiore alone." In coming to this conclusion, the justice simply determined that since the funds were deposited on behalf of Fiore, it was conclusively presumed that he was the owner thereof. The justice then ordered the funds to be released to Maine. From this order Fiore appealed.

Two issues are raised by this appeal. The first issue is whether money or property held in the registry of court, and thus *in custodia legis,* is subject to attachment by a creditor of the party who has deposited

said funds. The second issue is whether moneys deposited in the registry of court but claimed by a third party are conclusively presumed to be the funds of the party in whose behalf they were deposited. We answer both questions in the negative.

■ As a general rule, property or funds *in custodia legis* are not subject to attachment or garnishment. *See generally* Annot., 1 A.L.R.3d 936, 939 (1965). The dominant reasoning behind this rule is based on the policy "of avoiding conflicting orders from different courts," *Walsh v. Boulanger*, 107 N.H. 458, 460, 225 A.2d 185, 187 (1966), and "to prevent embarrassment to or interfere with the orderly progress of the proceeding in which custody of the property was taken by the court." *Bank of Hawaii v. Benchwick*, 249 F.Supp. 74, 79–80 (D. Hawaii 1966). A further rationale that has been articulated is that allowing interference with funds in court custody "would require a public officer to appear and defend a multitude of actions regarding the right to possession [of such funds] and would cause confusion and delay in the execution of legal process." *Weicht v. Automobile Banking Corp.*, 354 Pa. 433, 434–35, 47 A.2d 705, 706 (1946).

■ Although exceptions to this general rule have been adopted by a number of jurisdictions, Rhode Island has consistently disallowed attachment of funds *in custodia legis* in a number of contexts. In *Allen v. Gerard*, 21 R.I. 467, 44 A. 592 (1899), a debtor's property was sold and the proceeds placed into the registry of court. The sale more than adequately extinguished the debt, and a surplus remained in the registry. A different creditor then appeared and sought to attach the surplus. He advanced the argument that has been found persuasive in other jurisdictions that "after the object for which such funds are held has been satisfied, [the] officer [of the court] holds the balance * * * as trustee for the person entitled thereto, and * * *

such trustee may be garnished." *Id.* at 469, 44 A. at 593. Rejecting this argument, the court observed:

"[T]he money sought to be reached is in the registry of the court, and hence undoubtedly in the custody of the law. * * The clerk of the court, as such, has no control over it, nor is he any way liable for it, except as the custodian of the court. * * * After satisfying the execution in the original action, [the clerk] did not cease to be the legal custodian of the balance of the money * * *. Money in the registry of a court is wholly under the control of that court * * * and cannot be paid out * * *." *Id.* at 469–70, 44 A. at 593.

■ This principle was reiterated in *Stiness v. Henderson*, 44 R.I. 514, 119 A. 319 (1923), where the court refused to permit attachment of funds placed in the registry of court that came about following a judgment in favor of a husband and wife who had been injured in an automobile accident. Now divorced from his wife, the husband sought by attachment to recover in a contract claim legal fees and expenses for the original action from the wife's portion of the funds. The court noted that "[t]he funds being *in custodia legis* the portion belonging to Mrs. Henderson can not be reached by attachment in an action against her by Mr. Henderson for breach of contract * * *." *Id.* at 518, 119 A. at 321. More recently, in *Manchester v. Manchester*, 94 R.I. 400, 181 A.2d 235 (1962), a creditor sought to attach funds of one Gilbert A. Manchester that were in the possession of a receiver pursuant to a bid that had been made by Manchester. When Manchester's bid was unsuccessful in purchasing certain assets of the receivership, it would normally have been the duty of the receiver to return the deposit to him as an unsuccessful bidder. However, at that point the creditor purported to garnish the funds in the receiver's possession. In de-

termining that this attachment was improper, the court noted:

"We are of the opinion that the deposit in the possession of the receiver was at the time of the service of the writ of attachment in custodia legis and exempt from such attachment. Courts in general accept the view that a receiver appointed by a court of equity is an officer thereof and property in his possession which constitutes a part of the estate that is the subject of the receivership is in custodia legis until it is disposed of by the receiver in compliance with an order of that court." *Id.* at 404, 181 A.2d at 238.

It appears from the foregoing cases that Rhode Island has not departed from the general rule that moneys in the possession of an officer of the court, whether a receiver or the clerk of the registry, are not subject to attachment. The rationale upon which this rule is doubtless based is the sound principle that the clerk of the Superior Court should not be required to respond to attaching creditors pursuant to garnishee or trustee process. The clerk of the Superior Court should not be placed in the business of determining the rightful owner of funds on deposit with the registry that arguably might be claimed by other persons than the litigant upon whose behalf such funds were deposited. If the clerk were required to respond as garnishee, it would be necessary for him to render an account in writing under oath concerning the amount of property that he might have in his hands or possession due and owing to the alleged debtor. G.L. 1956 (1969 Reenactment) § 10–17–2. In the event that the clerk failed to provide an appropriate affi-

davit pursuant to this statutory obligation, he would be personally liable to the creditor for the full amount of the indebtedness claimed. Section 10–17–15. To place such a burden upon the clerks of the Superior Court in our various counties would, in our view, constitute an unduly onerous obligation upon them and would be an unwise policy in light of the absence of resources to which the clerk might have access in order to discharge such an obligation. Consequently, the trial justice erred in granting the motion to attach such funds and the order to release the funds to the attaching creditor was erroneous.[1]

In light of our determination of the first issue, it is probably unnecessary for us to discuss the second issue in detail. However, in the event that a dispute should arise concerning the appropriate party to whom these funds should be returned, we should deal briefly with this issue in order to furnish guidance to the Superior Court.

■ In holding in effect that these funds were conclusively presumed to be those of Vincent Fiore, the trial justice noted that "the Court should [not have to] go beyond the fact that the money was placed in the Registry of the Court on behalf of Vincent Fiore" to ascertain that the funds were his. We are of the opinion that the trial justice was in error in automatically presuming that funds placed in the registry on behalf of a litigant are necessarily owned in whole or in part by that litigant. We are persuaded that the better rule is for the trial justice to conduct an independent hearing involving those claiming ownership of the funds that remain in the court registry. *See The Lottawanna,* 87 U.S. (20 Wall.)

---

1. Maine argues that Fiore did not appeal from the attachment. However, it is undisputed that he asserted an objection to the attachment. This objection preserved the issue for review when he appealed the order to release the funds. This order was the final adjudication of the rights of the parties to this controversy. Ap-

peals from interlocutory orders are generally not entertained. *See, e.g., DeMaria v. Sabetta,* 121 R.I. 648, 402 A.2d 738 (1979); *Beauvais v. Notre Dame Hospital,* 120 R.I. 271, 387 A.2d 689 (1978); *Montaquila v. St. Cyr,* 120 R.I. 130, 385 A.2d 673 (1978); *Town of Lincoln v. Cournoyer,* 118 R.I. 644, 375 A.2d 410 (1977).

201, 22 L.Ed. 259 (1874) (funds are not subject to attachment or garnishment and are held in trust by the court to be delivered to whom they may belong, after hearing and adjudication by the court); *Andrews v. Wall,* 44 U.S. (3 How.) 568, 11 L.Ed. 729 (1845) (inherent power incident to the jurisdiction of court to entertain supplemental suits by the parties in interest, to ascertain to whom those proceeds rightfully belong, and to deliver them over to the parties who establish the lawful ownership thereof); *Orchard & Wilhelm Co. v. North,* 135 Neb. 39, 42, 280 N.W. 272, 274–75 (1938) (where the court obtains jurisdiction of a fund by garnishment proceedings, it necessarily follows that the claims of all persons asserting an interest in fund should be heard and order entered determining their respective rights thereto; determination of the interests of all parties is for the court).

■ The holding of an independent hearing is required in the case at bar since ownership of the fund in question must necessarily be determined in order to release such fund to its rightful owner. Our observations concerning the requirement of determining the true ownership of said fund in no way detracts from our earlier holding that the moneys at issue were not attachable because they were *in custodia legis.*

For the foregoing reasons, Fiore's appeal is sustained. The orders of the Superior Court allowing attachment of the funds in the registry and releasing said funds to Maine are hereby reversed. The papers in the case are remanded to the Superior Court for further proceedings pursuant to which such funds may be returned to their rightful owner.

The Chief Justice participated in the oral argument and in the decision of the court, but he did not participate in the publication of the formal opinion.