BUCKLIN *v.* POWELL, AND N. H. FIRE INS. CO., *Trustee.*

An insurer is not chargeable as trustee of the insured while the amount due from the former is unliquidated.

FOREIGN ATTACHMENT. Facts found by the court. The defendant's buildings were insured by the trustee, and burned June 28, 1878. Writ dated July 15, 1878. The defendant brought no suit for the recovery of the loss, and the time within which he can has by the terms of the policy expired. The plaintiff took the deposition of the trustee, and elected to try the question of the trustee's liability by the jury. The trustee denied its liability, and claimed that the question could not be tried in this suit. The court so decided, and the plaintiff excepted. The policy and deposition make a part of the reserved case.

*A. P. Carpenter,* with whom was *J. D. Weeks,* for the plaintiff.

I. No good reason has been or can be assigned for holding a trustee not chargeable, merely because the amount for which he is liable to the principal defendant is unliquidated, that is to say, unadjusted and uncertain, or, in other words, because the amount must be settled by a jury or some other tribunal.

1. The question has never received any scrutinizing examination in this state. In *Paul* v. *Paul,* 10 N. H. 117, and in *Despatch Line* v. *Bellamy Co.,* 12 N. H. 205, it was held that damages arising from torts are not attachable by the trustee process. In *Foster* v. *Dudley,* 30 N. H. 463, and *Getchell* v. *Chase,* 37 N. H. 109, the same is said *obiter* in respect to unliquidated damages generally; and such is assumed without discussion to be the law in *Rand* v. *Railroad,* 40 N. H. 79, *McKean* v. *Turner,* 45 N. H. 203, and *Gove* v. *Varrell,* 58 N. H. 78, solely upon the strength of the *dicta* above mentioned. Whether, therefore, unliquidated damages arising from a breach of contract can he held by trustee process, must be treated as an open question in this state.

2. The language of the statute ("any money, goods, chattels, *rights,* or credits"—G. L., *c.* 249, *s.* 22) is certainly broad enough to cover unliquidated as well as liquidated claims. It is a remedial

statute, and should be construed liberally in favor of the remedy. Dwar. Stats. 632; *Holt* v. *Smart*, 46 N. H. 10; *Edson* v. *Trask*, 22 Vt. 20.

3. The word "rights" is a larger term than "credits," and upon familiar principles of interpretation must be given some effect. The legislature clearly intended that a trustee might be charged in some cases, when he had in his possession neither money, goods, chattels, nor credits, but "rights" only of the principal defendant. The word "rights" is not to be found in the Massachusetts statute, yet it was thought necessary to provide expressly that the trustee should not be chargeable for "unliquidated damages for wrongs or injuries." Mass. Gen. Stats., *c.* 142, *ss.* 21, 27; and see *Hathaway* v. *Russell*, 16 Mass. 476,—whence the implication is strong that for other unliquidated damages he may be charged.

4. No good reason can be suggested why a jury may not, under *ss.* 23 and 24 of our statute, determine the question of the trustee's liability as well in the case of unliquidated damages arising from a breach of contract as in any other case.

5. Under a much narrower statute than ours, it was held in Connecticut that an unadjusted claim for a loss on a policy of insurance is subject to the process of foreign attachment. *Knox* v. *Insurance Co.*, 9 Conn. 430. And in *Company* v. *Fowler*, 28 Conn. 103, it was held that a person having a claim for unliquidated damages arising from a breach of contract to tow logs safely is a "creditor," and the person liable therefor a "debtor," within the meaning of their statute relating to foreign attachment.

6. Authorities relating to set-off plainly have no relevancy upon the question, except so far as it relates to a definition of the term "unliquidated damages." The question turns in each case upon the language of the statute. Mutual *debts* only can be set off. In *Morley* v. *Inglis*, 4 Bing. (N. C.) 58, it is said "that the rule by which we are to determine whether or not a demand can become the subject of a set-off, is by inquiring whether it sounds in damages; whether the demand is capable of being liquidated, or ascertained with precision at the time of pleading." It is plain that such certainty can never exist except where the damages are fixed by the contract. A claim, founded upon a *quantum meruit* for labor, rent, or other thing, cannot be set off. *Hall* v. *Glidden*, 39 Me. 445. But that a trustee will be charged for indebtedness arising upon a *quantum meruit* is unquestionable. *Witter* v. *Witter*, 10 Mass. 223. Debt lies in such a case. 1 Ch. Pl. 109; *Van Deusen* v. *Blum*, 18 Pick. 229. The word "credits" has a more extensive meaning than "debts." *Goodrich* v. *Dobson*, 43 Conn. 578; *Rose* v. *Hart*, 8 Taunt. 499.

II. But assuming that a trustee cannot be charged for unliquidated damages, the question arises, What are such within the meaning of the rule? "The line which divides claims which are liquidated and those which are not is not very distinctly defined.

Senator *Maison*, in *Butts* v. *Collins*, 13 Wend. 156, gives a very clear and accurate definition." *McKean* v. *Turner*, 45 N. H. 203. The true rule deducible from *Maison's* opinion and from the authorities generally, it is submitted, is this: Damages are said to be unliquidated when, all the facts being found, the amount of damages is fixed by no definite and certain rule of law, but is dependent entirely upon the judgment and discretion of the jury, and liquidated whenever, all the facts being found, the damages are found by mere computation. *Butts* v. *Collins*, 13 Wend. 156; *Hepburn* v. *Hoag*, 6 Cow. 613; *Drew* v. *Towle*, 27 N. H. 424; Sedgw. Dam. 428; *Bulkeley* v. *Welch*, 31 Conn. 342, where it is said, "Where the value of the property in question can be shown by the testimony of witnesses, the claim is not such unliquidated damages, depending upon the opinion, judgment, or discretion of a jury, as cannot be set off." It is manifest that in every case where the damages are not fixed by the agreement of the parties, some testimony is required before they can be settled by mere computation. If the claim is for goods sold, there must be evidence both of the quantity and of the market value; and so in all similar cases. In no appreciable respect does this case differ from cases of that character: when the value of the property is determined by the evidence, the damages are ascertained by mere computation.

III. In this case the loss is total: no question in respect to damages by the fire arises. In *McKean* v. *Turner* the loss was partial only, and stress is put upon that fact in the opinion. Here, to settle the amount of damages, nothing is necessary except to find the value of the property insured,—precisely the same question which arises in every case of assumpsit for goods sold, work and labor, etc., where the price is not fixed by the parties. In *McKean* v. *Turner* it is intimated strongly that the holding would be different in the case of a total loss, or of insurance upon goods which have a market value. But it is submitted with confidence that the question cannot turn upon the ease or difficulty with which the value of the property destroyed can be determined.

IV. There are many respectable authorities that an unadjusted claim against an insurance company for a loss by fire is a proper subject of a set-off. *Insurance Co.* v. *Black*, 18 Johns. 150; *Holbrook* v. *Insurance Co.*, 6 Paige Ch. 220; *Graham* v. *Russell*, 5 M. & S. 498; *Ex parte Globe Insurance Co.*, 2 Edw. Ch. 625; *Baker* v. *Langhorn*, 6 Taunt. 519; *Butman* v. *Hobbs*, 35 Me. 228; *Davis* v. *Davis*, 49 Me. 282; *Downer* v. *Topliff*, 19 Vt. 399;—see, also, *Elliot* v. *Heath*, 14 N. H. 131, and the cases generally upon the subject of recoupment.

The objection, if it be one, that a verdict in favor of the trustee in this suit would be no bar to a suit by Powell, is of no weight, because his right of action is barred by lapse of time. *Insurance Co.* v. *Homer*, 9 Met. 39. Unless the trustee can be charged, it escapes all liability, and though the plaintiff might possibly within

the time limited by the policy have brought and maintained a suit against it in the name of Powell (see *Chapman* v. *Gale*, 32 N. H. 141), still his negligence in this respect, if such it be, is much less than it would have been if he had brought such action in assumpsit where debt only would lie *(Stebbins* v. *Insurance Co.*, 59 N. H. 143); and he is quite as much entitled to all the relief within the power of the court to grant. The only conceivable reason for requiring such suit is, that Powell might be concluded by the judgment, which, as before suggested, is of no importance in this case, certainly no more than it is in every case.

*Farr & Stevens*, for the N. H. Fire Insurance Co., trustee.

SMITH, J. The trustee insured $500 on the defendant's dwelling-house, L, and wood-shed, $300 on his barn, and $200 on his hay and grain in the barn. The buildings were wholly destroyed. In the barn was hay estimated at three tons, and straw estimated at one ton, which were consumed. The real estate was mortgaged for $300. The value of the property destroyed is in controversy, and there is a dispute whether the property was over-insured. (See trustee's deposition.) The trustee agreed to make good to the defendant his loss or damage by fire, not exceeding the sum insured, or the interest of the insured, to be estimated at its actual cash value. (See policy.) In *McKean* v. *Turner*, 45 N. H. 203, there was a similar state of facts. We then said, " To fix these values * * * must be matter of opinion and judgment, to be determined, not by any fixed pecuniary standard, but by an opinion formed from all the circumstances of the case, including location, state of repairs, the quality of the building, * * the prices of such property in the neighborhood, and generally all the circumstances which bear upon the question of value." Assuming the rule, which distinguishes liquidated damages from those which are not, to be what the plaintiff claims it is, still we do not think the damages in the present case can be called liquidated. When evidence is received of all the elements which bear upon the question of the value of the property destroyed, it must still be largely matter of opinion and judgment what its value was, depending upon a variety of circumstances like those stated in the quotation from *McKean* v. *Turner*.

It is argued with much force that the statute (G. L., c. 249, s. 22) is broad enough to include the case of unliquidated damages, because the word "rights" is a larger term than "credits," and, according to the principles of interpretation, must be given some effect. Whatever may be the difference between these two terms, the question whether either is broad enough to include the trustee's liability for unliquidated damages cannot be said to be an open one. It having been settled in the negative by so many decisions, we do not feel at liberty to reëxamine the question. *McKean* v.

*Turner, supra; Paul v. Paul*, 10 N. H 117; *Despatch Line* v. *Bellamy Co.*, 12 N. H. 205; *Foster* v. *Dudley*, 30 N. H. 465; *Getchell* v. *Chase*, 37 N. H. 109; *Rand* v. *Railroad*, 40 N. H. 79; *Gove* v. *Varrell*, 58 N. H. 78.

Whether the plaintiff could, by a bill of interpleader or other process, compel an adjudication of the amount if the defendant had a valid insurance claim against the trustee, and whether the plaintiff could be heard as an attaching creditor and party in interest in such a litigation, are questions not raised in this case. The plaintiff cannot hold by his attachment what the defendant could not recover of the trustee. *Forist* v. *Bellows*, 59 N. H. 229. The liability of the trustee to the defendant, being denied, must be determined in some suit the result of which would be binding upon these three parties. Whether the plaintiff's attachment could hold an amount hereafter decided to be due in such a suit is a question on which we express no opinion. It is settled by authority that as the case now stands the trustee cannot be charged.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.