Merrimack, }
May 5, 1908. }

## MARTIN *v.* WHITNEY.

A non-resident is privileged from summons upon civil process while in attendance as a witness at the trial of a cause in the courts of this state, and an action thus begun is subject to abatement for want of proper service.

The court of this state does not acquire jurisdiction of an action against a non-resident defendant by service of process upon a resident trustee, when the defendant's sole claim against the trustee is an unliquidated demand for damages subsisting in favor of a copartnership of which he is a member.

ASSUMPSIT, to recover a claim for personal services and expenses. Transferred from the October term, 1907, of the superior court by *Pike*, J., upon an agreed statement of facts.

The writ is dated June 25, 1907, and contains the following command: "We also command you to attach the money, goods, chattels, right, and credits of the said defendant, in the hands of the Boston & Maine Railroad, and especially the funds due Whitney, Martin & Co. by reason of a fire which burned a lot of lumber May 2, 1905, a body corporate doing business at said Concord, to the value of eighteen hundred dollars, and summon said trustee," etc. Service was made upon the trustee June 26, 1907, and upon the defendant July 10, 1907.

The defendant is a resident of Ashburnham, Massachusetts, and is so set up in the writ. He, together with the plaintiff and one Clough, are copartners under the firm name of Whitney, Martin & Co., and were the owners of a large amount of lumber which they claimed was destroyed by fire occasioned by sparks from a locomotive of the Boston & Maine Railroad, on May 2, 1905. Prior to June 25, 1907, the railroad tendered to Martin, in behalf of the firm, over $6,000 on account of the alleged destruction of the lumber. The trustee was not indebted to the defendant individually and did not possess any goods or chattels of the defendant at the time of the service of the writ, nor has it since possessed such.

At the date of this writ and at the time of service upon the defendant, the affairs of Whitney, Martin & Co. were unsettled, but an accounting between the parties was then in process upon a bill in equity pending in Merrimack county, in which Whitney was plaintiff and Martin and Clough were defendants, and by order of the court an auditor had been appointed to state the

account. No report has yet been made. Whitney came into New Hampshire July 9, for the purpose of attending a trial before the auditor upon the accounting. While an opening statement was being made before the auditor, the writ in this action was served upon Whitney, who was in the court room attending the hearing. No other service has ever been made upon him. Whitney testified in his own behalf before the auditor. At the October term, to which the writ in this action was returnable, Albin & Sawyer appeared " specially " for the defendant and moved to dismiss. The question whether this motion should be granted is reserved.

*Martin & Howe,* for the plaintiff.

*Albin & Sawyer,* for the defendant.

BINGHAM, J. The motion to dismiss the action should be granted. The service of the writ upon the defendant was illegal, and the case does not disclose facts showing that a valid attachment was made. When the writ was served upon the defendant he was not a resident of this state, but was here attending a hearing in an equity proceeding in which he was interested as party and witness. Non-resident witnesses and non-resident parties as witnesses are privileged from arrest or summons upon civil process while in attendance upon, going to, or returning from the trial of a cause in the courts of this state, and an action thus begun is subject to abatement for want of proper service. *Hubbard* v. *Sanborn,* 2 N. H. 468; *State* v. *Buck,* 62 N. H. 670; *Ela* v. *Ela,* 68 N. H. 312, 313, and cases there cited; *Dickinson* v. *Farwell,* 71 N. H. 213; *In re Healey,* 53 Vt. 694; *Parker* v. *Marco,* 136 N. Y. 585; *Larned* v. *Griffin,* 12 Fed. Rep. 590; 1 Gr. Ev., ss. 316, 317; 22 Am. & Eng. Enc. Law (1st ed.) 163–166.

By the service of process upon the trustee the court did not acquire jurisdiction of the action, because no money, goods, chattels, rights, or credits of the defendant were in the hands or possession of the trustee. The case states that " the trustee was not indebted to the defendant individually and did not possess any goods or chattels of the defendant at the time of the service of the writ, nor has it since possessed such." The claim against the railroad for burning the lumber does not belong to the defendant, but to a copartnership of which the plaintiff, the defendant, and another are members, and is unliquidated. If the claim were liquidated it would still be problematical what interest, if any, the defendant might have in it as an asset of the firm ; for an accounting of the partnership affairs has not been had, and the firm, if it properly could be, has not been made a party to this proceeding.

But the plaintiff in trustee process proceeds against the trustee upon the strength of the defendant's right and title, and in the absence of fraud can recover only what the defendant could against the trustee. *Richards* v. *Railroad*, 44 N. H. 127, 139; *Forist* v. *Bellows*, 59 N. H. 229, 231, 232; *Tucker* v. *Chick*, 67 N. H. 77, 79; *Corning* v. *Records*, 69 N. H. 390, 396, 397. The defendant could not maintain an action against the railroad for the destruction of the lumber; and this being so, no reason is apparent for acceding to the plaintiff's request to continue the action for notice to the defendant.

*Action dismissed.*

All concurred.