Grafton,  
June 4, 1918.

HERBERT E. PALMER *v.* DUPLEX TRUCK COMPANY & Tr.

In trustee-process, a trustee cannot be charged upon a contract to indemnify the principal defendant, if he has no right of action thereon against the trustee.

If, in such case, there is no jurisdiction over the defendant, the amount of his liability to the plaintiff cannot be determined in trustee-process so as to fix the liability of the trustee under his contract.

ACTION AT LAW, to recover for damage in a highway collision between motor-vehicles July 18, 1917.

The plaintiff is a resident of the county; the defendants are described in the writ as a corporation doing business at Boston, Massachusetts, and the trustee as a corporation doing business as a nonresident company under license in this state.

The trustee was summoned by service upon the insurance commissioner.   There was no service upon the principal defendants, and, upon the entry of the writ, the plaintiff moved to continue for

notice and for leave to take the trustees' disclosure. The defendants, appearing specially, moved to dismiss for want of jurisdiction and filed affidavits of officers of the defendant and trustee corporations to the effect that at the time of the service of the writ upon the trustees, the trustees did not have, and had not since had in their hands, any property, money, rights, or credits of the principal defendants and that the only contract, agreement or relation existing between them was by virtue of a certain contract of indemnity, or insurance, issued by the trustees to the principal defendants and that since the service of the writ no liability had accrued under said contract in favor of the defendant against the trustees. Copies of the insurance contract were attached to the affidavits. From these it appeared that the contract purported to be issued at Boston, Massachusetts, February 7, 1917, and to contain an agreement by the trustees to indemnify the principal defendants against loss arising out of liability to any person for bodily injury by reason of the ownership, maintenance or use of certain automobiles, if such injury occurred between February 7, 1917, and February 7, 1918; and also against legal liability for damages on account of injury to or destruction of the property of others. The trustees also agreed by the contract to defend in the name and on behalf of the insured all claims or suits to recover damages for injuries for which the insured was or was alleged to be liable.

Subject to exception, the plaintiff's motions were granted and the defendants' denied. Transferred by *Marble,* J., from the January term, 1918, of the superior court.

*Raymond U. Smith* (by brief and orally), for the plaintiff.

*Martin & Howe* (*Mr. Howe* orally), for the defendants.

PARSONS, C. J. Although the principal defendants were non-residents not served with process before the entry of the suit, the court obtained jurisdiction of the plaintiff's controversy with the trustees by service in this state. Service can be made upon the defendants out of the state only in the event of the attachment of their property in the state. In the orderly disposition of the litigation the first step is the adjudication of the controversy between the plaintiff and the trustees.

The trustees have not given their disclosure nor has the plaintiff taken it, as either party might have done before the entry of the writ.

P. S., c. 245, s. 11.   Although the court under the rule might have discharged the trustees because of the plaintiff's failure to file their disclosure during the first week of the term (71 N. H. 685), the court had power, to relieve the plaintiff and to grant further time for the disclosure.   *Whitcomb* v. *Quinlan,* 75 N. H. 429, 431.   The conclusion of the court as to what justice required in this matter of procedure is not open to exception.   But without jurisdiction of the defendants, acquired by service upon them in this state, the action must be dismissed unless the trustees have in their hands money or property of the defendants.   *Whitcomb* v. *Quinlan, supra;* *Carleton* v. *Ins. Co.,* 35 N. H. 162.

To secure an early decision of the question, the plaintiff conceded in argument that upon disclosure the facts would appear as stated in the affidavits with the added fact that the claims he makes against the principal defendants are such as the trustees agreed by their contract to indemnify the defendants against loss or liability from.

The plaintiff in trustee-process proceeds against the trustee upon the strength of the defendant's right and title and in the absence of fraud can recover only what the defendant could against the trustee. To charge the trustee, it must appear that the trustee has in his possession property which the principal defendant has the legal right to take and carry away.   *Martin* v. *Whitney,* 74 N. H. 505, 507; *Corning* v. *Records,* 69 N. H. 390, 396.   As said in *Nashua Co.* v. *Francestown Co.,* 74 N. H. 511, "the test to determine whether the trustee is chargeable is to inquire whether the defendants could maintain an action against him."   The contract of indemnity or insurance upon which the plaintiff relies is an executory not an executed contract.   Until there is a breach of the contract no action could be maintained by the defendants against the trustees.   The trustees agreed to defend any suits brought against the defendants for damages for injuries for which the insured was or was alleged to be liable.   Failure by the trustees to perform this contract would give the defendants a right of action against them.   Similarly, a breach of their contract to indemnify against loss or liability would give the defendants a right of action against the trustees and title to money in their hands for which they could be charged as trustees. *Lombard* v. *Company,* 78 N. H. 110.   But at the date of the service upon the trustees, or at the present time, if this be taken as the date of the disclosure, there was not and is not now any breach of the contract of insurance or indemnity.   It does not appear that the

trustees have failed to take upon themselves the defence of all suits that have been brought against the defendants, or that the defendants have suffered any loss or that the trustees have permitted any legal liability to be established against them. The defendants have not and never had a right of action on the policy contract. Consequently the insurers are not now chargeable as trustees. No property of the defendants is held by attachment in this state.

Nothing would be gained by postponing the taking of the disclosure until in a proceeding to which the defendants are not parties the plaintiff can obtain a finding of the validity and extent of his claim against them. A judgment rendered upon such a finding would not be a legal claim against the defendants and suffering its rendition would not be a breach of the trustees' contract to indemnify against legal liability. The defendants, unless some of their property is attached in this state, can suffer neither legal liability nor loss in this litigation. They have not now and cannot have as a result of this suit any claim against the trustees. It has not been necessary to consider the terms of the policy. Construing it without examination, as claimed by the plaintiff, as indemnity against liability, there is nothing in this state to which jurisdiction can attach and the action should be dismissed. If the court had jurisdiction of the person of the defendants a different result would be reached. In such a suit a judgment against the defendants would establish legal liability and failure to protect therefrom would be a breach of the policy. The trustees would owe the defendants and could be charged for the debt. *Lombard* v. *Company, supra.* Other considerations presented in argument relating to the chargeability of the trustees, it has been found unnecessary to discuss. *Steer* v. *Dow*, 75 N. H. 95, 98; P. S., c. 245, s. 5; *Bucklin* v. *Powell*, 60 N. H. 119. The difficulty is not one of process but is fundamental. Without jurisdiction of the defendants the court would be equally without power to adjudicate the controversy between the parties in a bill in equity or under any other form of process.

*Case discharged.*

All concurred.