Grafton,
June 4, 1935.

HELEN M. CLARK *v.* AETNA INSURANCE CO.

SAME *v.* NIAGARA FIRE INSURANCE CO.

*Fred S. Wright* and *George W. Pike* (*Mr. Pike* orally), for the plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the defendants.

ALLEN, C. J. Two defences against liability are claimed. One is that the acceptance of the assignment of one of the policies and the issuance of the other were obtained by fraud. The other is that the plaintiff had no insurable interest in the property.

Soon after the plaintiff's husband bought the property, of which the buildings insured were a part, he conveyed it to her. It was agreed that he was to have sole charge and responsibility for it, her only interest being to share equally in the profits realized on any sale he might make.

When he conveyed to her, he wrote the insurers' agent requesting that the policy then in force be assigned to her, saying that he had sold and deeded the property to her. In the letter he also applied for additional insurance for her, commenting that he expected to have some painting done forthwith. The agent on receipt of the letter assented to the assignment of the existing policy and issued one for the increase of insurance. Some weeks later the plaintiff's husband wrote the agent about some intended improvements, saying their installation was delayed because of lack of funds to pay for them. In another letter the agent was informed that the improvements might be still further postponed. The plaintiff's husband testified that when he obtained the additional insurance he represented to the agent that he intended to make improvements and alterations. In view of the correspondence it may be inferred that his reference to the time of the representations was after the policy was

issued. The insured property was destroyed by fire within four months of the conveyance to the plaintiff, and no improvements had been made.

The statement that the property had been sold as well as deeded to the plaintiff, was not fraudulent as matter of law. If there was not a sale in a definite and technical sense, there was, in a popular sense, a trade between the parties. The plaintiff's husband owed her money, and it was with that fact in mind that he conveyed the property to her. He might without being dishonest say he had sold to her. He is not chargeable, as matter of law, with knowledge that the assignment of his policy would be unacceptable if the insurer had notice of the arrangement between him and his wife. It is not improbable that he considered the insurance risk no different whether the title to the property stood in his name or in hers. Believing there was need of having the policy insure the person in whose name the title did stand, he may have had no thought that the insurer would be concerned about the terms of the transaction with the grantee. As it may be found that he did not appreciate any increase of the hazard, if under the circumstances there was one in fact, it may be found that he had no dishonest purpose to mislead.

Nor is the evidence of fraud conclusive in respect to the new policy. It was issued with the insurer's knowledge that no improvements had been made. The promise of them was not necessarily fraudulent and no definite promise was made until subsequently. If the expectation of raising money for them was unreasonable, yet it may have been honestly entertained. Whether the unreasonableness pointed to dishonesty or to visionary optimism, is an inquiry of fact. That the improvements were never contemplated, intended or planned, is not a compelled finding.

As it would be a reasonable conclusion that no statements were fraudulently made to induce either assent to the assignment of the policy in force or the issuance of the new one, the defence of fraud has not been established. The insurers have not demonstrated that they were led by deception to assent to assign or to issue insurance and continue it in force to its aggregate amount.

The defence that the plaintiff had no insurable interest in the property is asserted on the strength of two assumptions. One is that her title was in every respect nominal, and one is that she had no interest for the loss or impairment of which she might be indemnified.

Any interest of pecuniary benefit from the existence of the property insured or of pecuniary loss from its destruction is sufficient.

Neither title, legal or equitable, nor possession in fact or as a right, is essential. An insurable interest is "a right in the property, or a right derivable out of some contract about the property, which in either case, may be lost upon some contingency affecting the possession or enjoyment of the property." *Lucena* v. *Crauford*, 2 Bos. & Pul., N. R., 269. "It has therefore been held that it is sufficient . . . if the insured has a right derivable out of some contract relating to the thing insured, of such a nature that the insured may be benefited by its preservation and prejudiced by its destruction . . . ." *Getchell* v. *Ins. Co.*, 109 Me. 274. Other cases apply this test. *Phoenix Ins. Co.* v. *Hamilton*, 14 Wall. 504, 507; *McDonald* v. *Black's Adm'r*, 20 Oh. 185; *Warren* v. *Insurance Co.*, 31 Ia. 464; *Tischendorf* v. *Insurance Co.*, 190 Wis. 33; *Plum Trees Lime Co.* v. *Keeler*, 92 Conn. 1.

A stockholder in a corporation has been held to have an insurable interest in the property of the corporation. *Riggs* v. *Insurance Co.*, 125 N. Y. 7; *Aetna Fire Ins. Co.* v. *Kennedy*, 161 Ala. 600. In the former case the court adopted the definition in this statement: "It would seem, therefore, that whenever there is a real interest to protect and a person is so situated with respect to the subject of insurance that its destruction would or might reasonably be expected to impair the value of that interest, an insurance on such interest would not be a wager within the statute, whether the interest was an ownership in or a right to the possession of the property, or simply an advantage of a pecuniary character having a legal basis, but dependent upon the continued existence of the subject."

Another situation in which neither ownership nor possession is a condition of insurable interest is that of a guarantor of a mortgage debt. Even if he should not be obliged eventually to pay any part of the debt, his security for the possible requirement of payment is of value to him, and he therefore has an insurable interest therein. *Phoenix Ins. Co.* v. *Company*, 41 Neb. 834; *Caley* v. *Hoopes*, 86 Pa. St. 493; *New England &c. Co.* v. *Wetmore*, 32 Ill. 221; *Key* v. *Insurance Co.*, 101 Mo. App. 344; *Waring* v. *Loder*, 53 N. Y. 581; *Germania &c. Co.* v. *Thompson*, 95 U. S. 547; *Williams* v. *Insurance Co.*, 107 Mass. 377.

The plaintiff's insurable interest in the property is not doubtful. Her right to share in the profits of a sale gave her an interest in the continued existence of the property as a condition on which the value of the right depended. The right as an item of a property nature had value although it might eventually prove to be of no value. *Robinson* v. *Carroll, ante,* 114. Loss of the property produced loss

of her right. Her title, if regarded as security for the right, would be an added feature of interest which insurance might protect.

The case of *Prince* v. *Insurance Co.*, 86 N. H. 160 stands differently. The plaintiff there had no interest in the insured property. Only his loss was insured against. As he could suffer no loss from a loss of the property, he could not be indemnified against its loss. His ratification of what was done in his name did not create an interest not existing theretofore.

The defendants not being entitled to directed verdicts, the parties' agreements invoke the order of

*Judgments for the plaintiff.*

BRANCH, J., did not sit: the others concurred.