Rockingham,
No. 5508.

June Elizabeth Walsh & a.

v.

Albert D. Boulanger & a.

Argued October 5, 1966.
Decided December 20, 1966.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Dort S. Bigg* ( *Mr. Bigg* orally ), for the plaintiffs.

*Shute & Engel* ( *Mr. David C. Engel* orally ), for Unwar J. Samaha, trustee.

KENISON, C. J. Ordinarily property, money or funds deposited in court are considered to be in the custody of the law and the officer holding them is not subject to attachment or garnishment ( or trustee process as it is denominated in this state. *Cnaeps* v. *Brown,* 101 N. H. 116, 117 ). *Tuck* v. *Manning,* 150 Mass. 211; *Teeples* v. *Choquette,* 17 Utah 2d 27; Annot. 94 A. L. R. 1049; Annot. 1 A. L. R. 3d 936. Trustee process in this state has been regulated by statute at least as early as 1718 ( Act of May 14, 1718; 2 Laws of N. H. 315 ) although it was known and used many years without any specific statutory authority. Page, Judicial Beginnings in New Hampshire 1640-1700 *pp.* 64-65 ( 1959 ). RSA 509:18 ( supp ); Laws 1955, 63:5; RSA ch. 512. A long line of cases confirms the proposition that in this jurisdiction " trustee process is an equitable proceeding in which the rights of the parties are determined on equitable principles. " *Corning* v. *Records,* 69 N. H. 390, 396, and cases cited; *Consolidated Rendering Co.* v. *Smith,* 94 N. H. 304, 305; *Wentworth Bus Lines* v. *Windle,* 98 N. H. 234.

The broad scope of our statutes allowing attachment and trustee process to issue without the existence of special circumstances " finds few parallels in other jurisdictions. " Fourth, N. H. Judicial Council Report 37 ( 1952 ); *Cnaeps* v. *Brown,* 101 N. H. 116, 118. Consequently administrators, executors and guardians are subject to trustee process after settlement of their accounts and sheriffs may be charged in trustee process for money collected on execution in favor of the principal defendant. *Willard* v. *Decatur,* 59 N. H. 137; *Adams* v. *Barrett,* 2 N. H. 374; *Tucker* v. *Chick,* 67 N. H. 77, 79. So too a receiver, appointed in a proceeding in equity to wind up a partnership, may be charged as trustee of one of the partners, for money belonging to such partner, remaining in his hands after termination of the equity proceedings. *Willard* v. *Decatur, supra.* In *Cnaeps* v. *Brown,* 101 N. H. 116, a bank deposit representing a settlement received by the defendant for injuries he had sustained while a minor and which was in the name of the defendant's father as trustee pursuant to

court order was held subject to trustee process with the permission of the court which had ordered deposit of the funds to satisfy any judgment that the plaintiff might recover against the defendant. These cases demonstrate that the general rule that funds in the custody of the law are not subject to garnishment or trustee process has certain limitations. The general rule is based on the policy of avoiding conflicting orders from different courts and the practical inconvenience to courts and its officers. If these reasons do not exist or cease to exist, the general rule is not applied and the funds may be attached or garnished if the equities of the situation demand it. See *Gumbel* v. *Pitkin*, 124 U. S. 131, 156, 157.

In the present case the $12,000 fund deposited in court was created by the defendant in order to secure the release of attachments on his land. RSA 511:48 ( supp ); Laws 1961, 100:1. The fund was a substitute for the defendant's real estate which the defendant was then able to sell. Thus it could no longer be attached by the plaintiffs. If a motion to quash the trustee process had been made when it was instituted in 1963, or a reasonable time thereafter, the motion might have been granted under the general rule that funds in custody of the law are not subject to trustee process. At that time the underlying civil actions under which the fund had been originally deposited had not been settled and trustee process by the plaintiffs could be regarded as an interference with the court and the fund that it was holding. However, the attorneys for the trustee did not act until more than two years after the trustee had filed his disclosure. When the attorneys for the trustee entered their appearance and filed a motion to quash the trustee process the underlying civil actions under which the fund had been originally deposited had been settled and disposed of and nothing remained for the clerk of the court to do but to disburse the funds to the parties entitled thereto. The denial of the trustee's motion to quash the trustee process was proper at the time it was made because the balance of the fund in excess of $600 was due and owing the defendant, and the purpose for which the fund was deposited had been fully accomplished. *Wilbur* v. *Ray*, 60 Vt. 581; *Cnaeps* v. *Brown*, 101 N. H. 116; Annot. 1 A.L.R. 3d 936, *s.* 5( a ).

*Exception overruled.*

All concurred.