Merrimack,
No. 5739.

SUTTON MUTUAL INS. CO.

*v.*

LOYAL F. ROLPH, JR. *& a.*

Argued June 4, 1968.
Decided July 17, 1968.

*Bell & Kennedy* ( *Ernest L. Bell, III* orally ), for the plaintiff.

*Green, Romprey, Sullivan & Beaumont* for Loyal F. Rolph, Jr.; and *Devine, Millimet, McDonough, Stahl & Branch* and *Luke S. O'Neill, Jr.* for Frances A. and Ernest Gould ( *Mr. O'Neill* orally for defendant Rolph and defendants Gould ).

*Wadleigh, Langdell, Starr, Peters & Dunn,* and *James M. Winston,* for the defendant Richard J. Walsh, Jr., filed no brief.

*Cooper, Hall & Walker,* for the defendant Raymond H. Pearson, Adm'r., filed no brief.

DUNCAN, J. Bill of interpleader by an insurer seeking a determination of its duties under liability provisions of a " combination automobile policy" of insurance issued to the defendant Loyal F. Rolph, Jr., as the owner of an automobile which was involved in a three-car collision at Hooksett on January 25, 1965, while it was being operated by the defendant Raymond S. Donahue, Jr. On filing its bill, the plaintiff deposited with the clerk of court the sum of $21,045, representing total property

damage claims of $1,295, plus the limit of its liability for personal injury of $20,000, less $250 previously paid out in settlement of a personal injury claim of Antoinette Counter, arising out of the accident. The plaintiff sought a decree that "its duty to defend ceases to exist upon the date of said payment" into court, and prayed that the proceeds deposited be distributed upon order of the Court.

Trial by the Court ( *Bownes,* J. ). The Court entered an order denying the bill, and requiring the plaintiff "to assume the defense" of the defendants Rolph and Donahue "as to all claims against them arising out of the accident of January 25, 1965." The plaintiff's exceptions were reserved and transferred.

A bill of interpleader is an appropriate remedy when proceeds of an insurance policy are inadequate to satisfy pending claims. *Fidelity & Casualty Co.* v. *LePage,* 105 N. H. 327, 328. See, *Traveller's Ind. Co.* v. *N. E. Box Co.,* 102 N. H. 380, 387. However, this petition was brought in advance of reduction of any claims to judgment, or any agreement for settlement of any of them, except for the $250 settlement previously referred to. In effect, as the insured argues, the insurer sought to pay the limit of its liability into court in advance of any determination of the validity of the pending claims, and to "walk away" without defending them. We agree with the defendants that the plaintiff's undertaking does not permit it to do so.

By part I of its policy, the plaintiff agreed with its insured, subject to the limits of liability, exclusions, conditions, and other terms of the policy, "to pay on behalf of the insured all sums which [he] shall become legally liable to pay as damages," caused by accident arising out of use of the insured vehicle. By part II of the policy it agreed: "With respect to such insurance as is afforded by this policy . . . the company shall: . . . defend any suit against the insured . . . even if such suit is groundless false or fraudulent"; but reserved the right to make "such settlement of any claim or suit as it deems expedient."

While the plaintiff has made some investigation of this accident, no depositions have been taken, and no pre-trial procedures have been engaged in. Personal injury claims totalling $175,000, including one for $50,000 by the named insured, and property damage claims believed by the plaintiff to aggregate $1,295, have been made against the policy.

The insurer's undertaking must be considered to be more than a perfunctory obligation. *Douglas* v. *Company,* 81 N. H. 371. In this case, there has been no determination that either the named insured or the operator of the insured vehicle is "legally obligated" to pay all or any part of the pending claims. The Trial Court therefore correctly determined that the insurer's duty to defend the insureds under the policy continued in effect, and may not be abandoned at this time. 7 Am. Jur. 2d Automobile Insurance, *s.* 160, *p.* 493. *Cf. Lumbermen's &c. Company* v. *McCarthy,* 90 N. H. 320; *Traveller's Ind. Co.* v. *N. E. Box Co.,* 102 N. H. 380, *supra.*

Once the pending claims have been liquidated by trial or settlement, interpleader may· become an appropriate remedy for the purpose of prorating the several claims, should they ultimately exceed the limits of the policy. See, *Fidelity & Casualty Co.* v. *LePage,* 105 N. H. 327, *supra.* See also, Note, Prorating Automobile Liability Insurance To Multiple Claimants, 32 U. Chi. L. Rev. 337; The Insurance Carrier's Obligation to Defend When Claims Against the Insured Exceed the Policy Limits, 1968 Ins. Couns. Jour. 92; Annot., 70 A. L. R. 2d 416.

On the record before us, the order is

*Exceptions overruled.*

GRIMES, J., did not sit; the others concurred.