**RAYMOND et al.**

v.

**MONSANTO COMPANY et al.**

**Civ. A. Nos. 2879, 2880, 2882–2887.**

United States District Court,
D. New Hampshire.

June 23, 1971.

Joseph F. Devan, Sheehan, Phinney, Bass & Green, Manchester, N. H., for plaintiffs.

Philip G. Peters, Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N. H., for defendant Monsanto Co.

Charles F. Hartnett, Hartnett & Moher, Dover, N. H., and Stanley M. Brown, McLane, Carleton, Graf, Greene & Brown, Manchester, N. H., for defendant Turtle Wax, Inc. (Hartford Insurance).

Appearing by Special Leave of the Court:

Mayland H. Morse, Jr., Hall, Morse, Gallagher & Anderson, Concord, N. H., for defendant Turtle Wax, Inc. (Home Insurance).

Paul E. Nourie, Wiggin, Nourie, Sundeen, Pingree & Bigg, Manchester, N. H., for defendant United Overton Corp.

MEMORANDUM OPINION ON PETITION FOR TENDER OF POLICY COVERAGE AND FOR LEAVE TO WITHDRAW FROM TRIAL PARTICIPATION BY HARTFORD ACCIDENT AND INDEMNITY COMPANY

BOWNES, District Judge.

These actions were commenced in the New Hampshire State Court in April of 1968 and removed to this court on May 1 and 10, 1968. They arise out of an accident which occurred in New Hampshire

on April 9, 1966. The plaintiff alleges that the contents of a container of Turtle Wax car polish came in contact with his eyes resulting in his being blinded. The cases sound in breach of warranty, negligent manufacture (including negligent packaging), and strict liability in tort.

After lengthy pretrial discovery and a plethora of motions the cases were set for trial starting June 22, 1971. Due to an operation on the plaintiff's eyes in late May, the results of which are not yet known, the cases have been continued to January 31, 1972.

The Hartford Accident and Indemnity Company of Hartford, Connecticut, insures the defendant Turtle Wax Corporation up to $200,000 for liability for personal injury. The Home Insurance Company of New York City carries excess liability insurance covering the same risks up to $1,000,000. The attorneys retained by Hartford have conducted all of the pretrial proceedings and have kept the Home Insurance Company advised as to the progress of the case.

On June 2, 1971, counsel for the Hartford filed a petition for tender of policy coverage and for leave to withdraw from trial participation. There is no question that the Hartford has the right to pay the amount of its coverage into court. The issue is: Can its attorneys now withdraw and walk away from the case?

The Hartford policy and Home policy were both executed in Illinois with Turtle Wax, an Illinois corporation. The Hartford policy covers not only Turtle Wax, but also United Overton Corporation and Stevens Auto Parts, Inc., distributors and retailers of Turtle Wax, Inc., and Hartford's counsel have filed an appearance for these two defendants and have acted for them during the course of the pretrial proceedings. United Overton is also represented by Paul Nourie, Esq., who has appeared by leave of the court at some of the pretrial conferences, but who has not taken an active part in the pretrial preparation of these cases.

The Home Insurance Company and United Overton Corporation object to the withdrawal of Hartford's counsel from the trial of the cases. Plaintiffs' counsel filed a memoranda of law styled "quasi amici curiae" in which they did not specifically object to the withdrawal of counsel for Hartford, but made it clear that they were not happy about it and would prefer to have Hartford's counsel remain in the case.

The pertinent provisions of the Hartford policy provide:

II. Defense, Settlement, Supplementary Payments: With respect to such insurance as is afforded by this policy, the company shall:

(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

\*      \*      \*      \*      \*      \*

The Home Insurance Company policy provides:

## H.  ASSISTANCE AND CO-OPERATION

The Company shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Insured but The Company shall have the right and shall be given the opportunity to associate with the Insured or the Insured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves or appears reasonably likely to involve The Company, in which event the Insured and The Company shall cooperate in all things in the defense of such claim, suit or proceeding.

## I. APPEALS

In the event the Insured or the Insured's underlying insurers elect not to appeal a judgment in excess of the underlying limits, The Company may elect to make such appeal at their cost and expense, and shall be liable for the taxable costs and disbursements and interest incidental thereto, but in no event shall the liability of The Company for ultimate net loss exceed the amount set forth in Insuring Agreement II for any one occurrence and in addition the cost and expense of such appeal.

Home Insurance Company has not filed an appearance, but its counsel has notified the court by letter that it objects to the motion of Hartford to withdraw from trial participation. The court has seen to it that a copy of any pretrial orders that might directly or indirectly affect Home Insurance Company has been sent either to it or its counsel, and has stated unmistakably that while Home Insurance Company has not filed an appearance, it will be expected to pay any judgment against Turtle Wax in excess of $200,000.

■ Although its interest is inchoate unless there is a judgment in excess of $200,000, Home Insurance Company is nevertheless, one of the real parties in interest in these cases. It obviously made its decision not to appear in these cases not only in reliance on its own insurance contract with Turtle Wax providing that it does not have a duty to defend, but also in reliance on the Hartford to provide a defense through trial. The Hartford policy cannot be construed as if it were the only policy in effect, but must be read in the light of the provisions of the Home policy as to defense and appeals.

The determination of whether or not Hartford has a right to withdraw from trial participation depends upon whether Illinois law or New Hampshire law controls. If the issue of the extent of Hartford's duty to defend is governed by Illinois law as Hartford's counsel urges, then Hartford would probably have a right to withdraw from trial participation upon the payment of the full amount of its policy coverage into court. General Casualty Company of Wisconsin v. Whipple, 328 F.2d 353, 357 (7th Cir. 1964); Denham v. LaSalle-Madison Hotel Co., 168 F.2d 576, 584 (7th Cir. 1948); Oda v. Highway Insurance Co., 44 Ill.App.2d 235, 194 N.E.2d 489 (1963). But cf. Landando v. Bluth, 292 F.Supp. 975 (N.D.Ill.1968).

But the fact that the contract was executed in Illinois does not automatically impose Illinois law. No express choice of law was made by the parties at the time of execution of the contract. This policy was clearly intended to cover liability for personal injuries wherever such injuries were incurred throughout the United States and is, therefore, a multiple risk policy.

These actions were brought in New Hampshire by a New Hampshire resident as a result of an injury incurred here. In Consolidated Mutual Insurance Co. v. Radio Foods Corp., 108 N.H. 494, 240 A.2d 47 (1968), the New Hampshire Supreme Court gave great weight to the fact that New Hampshire is "the jurisdiction with which the matter at hand is predominately or most intimately concerned." At page 497, 240 A.2d at page 49. The Court leaned heavily on the Restatement of Conflict of Laws in arriving at its holding that in the absence of an express choice of law validly made by the parties, a contract is to be governed by the law of the state with which the contract has its most significant relationship.

The Restatement of Conflict of Laws 2nd, § 193 provides:

§ 193. Contracts of Fire, Surety or Casualty Insurance

The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the in-

sured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

Comment f treats with multiple risk policies and notes:

f. Multiple risk policies. A special problem is presented by multiple risk policies which insure against risks located in several states. * * * So, if the house located in state X were damaged by fire, it is thought that the court would determine the rights and obligations of the parties under the policy, at least with respect to most issues, in accordance with the local law of X.

█ One of the basic principles of contract law is that "issues relating to details of performance of a contract are determined by the local law of the place of performance." Restatement of Conflict of Laws 2nd § 206. This insurance contract covers a product sold and distributed on a nationwide basis. Both Hartford and Turtle Wax could reasonably foresee and expect law suits in any of the fifty states. One of the "details of performance" of any liability insurance contract is the extent of the carrier's duty to defend its policy holder. To hold that the law of the state where the insurance contract happened to be executed is the law that controls the defense of a case, regardless of the forum, would be to totally ignore the interests of the separate states in the conduct of litigation properly within their jurisdiction. I rule that since the accident giving rise to these cases took place in New Hampshire, since the plaintiffs are New Hampshire residents, and since the forum is the District of New Hampshire, the extent of Hartford's duty to furnish a defense under the terms of its policy is to be determined in accord with the law of New Hampshire.

In Sutton Mutual Insurance Co. v. Rolph, 109 N.H. 142, 244 A.2d 186 (1968), the court held:

The insurer's undertaking must be considered to be more than a perfunctory obligation. Douglas v. United States Fidelity & Guaranty Company, 81 N.H. 371, 127 A. 708. In this case, there has been no determination that either the named insured or the operator of the insured vehicle is "legally obligated" to pay all or any part of the pending claims. The Trial Court therefore correctly determined that the insurer's duty to defend the insureds under the policy continued in effect, and may not be abandoned at this time [prior to trial]. Page 144, 244 A.2d at page 188.

The effect of allowing Hartford's counsel to withdraw from further participation in the case at this time would necessitate new counsel appearing for the Home Insurance Company, a contingency that clearly does not come within the purview of its policy.

The court must take judicial notice of the fact that counsel for the Hartford are competent and experienced trial counsel and that one of them, Charles Hartnett, Esq., has participated in all of the pretrial proceedings in this case from the time of its transfer to the Federal Court. It is extremely unlikely that new counsel, even with trial six months away, could take over the defense of Turtle Wax and represent the Home Insurance Company with the same competency and understanding of the issues as present Hartford counsel.

This is what is termed a "heavy" case. The latest demand of the plaintiffs is in the amount of $750,000 and the court knows that offers approximating $300,-000 have been made. Counsel for all parties have made it clear to the court during the course of pretrial hearings that the issue of liability, as well as damages, will be vigorously contested. The Home Insurance Company had a right to expect that someone other than

itself would represent the interests of Turtle Wax through the trial of the case. There is no doubt that after trial has been completed, Hartford has a right then to terminate its defense and forego any appeal.

The petition of Hartford is granted so far as leave to deposit is concerned, but denied so far as relief against the duty to defend is sought.

So ordered.