Grafton
No. 6521

ELSIE FORBES

v.

BRENDA LEE BOYNTON & a.

November 30, 1973

*James J. Kalled,* by brief and orally, for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *James C. Wheat (Mr. Wheat* orally) for the defendant McChesney.

*Sulloway, Hollis, Godfrey & Soden,* for the defendant Boynton, filed no brief.

LAMPRON, J. The issue to be decided is whether, in an action brought by Elsie Forbes of New Hampshire against Donald

S. McChesney of New York to recover for personal injuries sustained in an automobile accident in Maine involving also a car operated by the defendant Brenda Lee Boynton of New Hampshire, quasi-in-rem jurisdiction will be exercised over defendant McChesney as a result of an attachment by trustee process in New Hampshire of the contractual obligations undertaken by his insurer under a liability insurance policy covering this accident.

Defendant McChesney who was served with process in New York filed a motion to dismiss the action as to him for lack of proper service and also moved to vacate the attachment made on his insurer at its office in New Hampshire wherein it is authorized to do business. The parties filed with the Trial Court (*Johnson,* J.) an agreed statement of facts and memoranda of law. The court made certain findings and rulings, denied McChesney's motion to dismiss, and reserved and transferred his exception thereto.

The trial court found that "to duplicate the trial of this accident in two States places an unnecessary burden upon the plaintiff under the facts of this case. Two of the three key participants in this accident in Maine are residents of New Hampshire and, for all practical purposes, the real party in interest in the McChesney case is the Liberty Mutual Insurance Company, and they too are subject to New Hampshire service . . . . It is clear . . . that . . . [the insurer] will control the defense of this case." The court further found that to require two trials is costly to the plaintiff and to the States and counties involved and creates "the very real possibility of a gross injustice to the plaintiff. . . . A much more practical and equitable solution from the point of view of the plaintiff, the defendants, and the court system, will be to have this case tried on but one occasion." The court ruled that it had jurisdiction over McChesney "by virtue of quasi-in-rem jurisdiction created by the attachment of the rights of McChesney against Liberty Mutual Insurance Company" his insurer.

The plaintiff maintains that the trial court properly denied the motion of defendant McChesney to dismiss plaintiff's action against him by adopting the rule which prevails in his State of residence to govern actions of this nature formulated in *Seider v. Roth,* 17 N.Y.2d 111, 216 N.E.2d 312

(1966); *accord, Simpson v. Loehmann,* 21 N.Y.2d 305, 234 N.E.2d 669 (1967); *Turner v. Evers,* 31 Cal. App. 3d Supp. 11, 107 Cal. Rptr. 390 (1973); *see Minichiello v. Rosenberg,* 410 F.2d 106 (2d Cir. 1968); *Beja v. Jahangiri,* 453 F.2d 959 (2d Cir. 1972). In *Seider,* a New York plaintiff sued a Quebec defendant on a cause of action arising out of an accident in Vermont. Unable to secure personal service on the defendant in New York, the plaintiff attached an insurance policy issued to the defendant in Quebec by an insurer doing business in New York and served the defendant personally in Quebec. The court upheld the validity of plaintiff's attachment and sustained the exercise of quasi-in-rem jurisdiction over the defendant. The issue presented for decision in this case is of first impression in this State.

The defendant recognizes the well established principle of law that a State can exercise quasi-in-rem jurisdiction to affect interests in an intangible thing which is subject to trustee process in that State. *Walsh v. Boulanger,* 107 N.H. 458, 225 A.2d 185 (1966); *Harris v. Balk,* 198 U.S. 215, 49 L. Ed. 1023, 25 S. Ct. 625 (1905); Restatement (Second) of Conflict of Laws §§56, 68 (1971); R. Leflar, American Conflicts Law §19 (1968). However, the defendant takes the position that the contractual obligations of the insurance company to its insured under a liability policy are not attachable property under RSA 511:1 until liability has been adjudicated and damages determined. He relies on *Palmer v. Company,* 79 N.H. 28, 103 A. 943 (1918), which followed the earlier cases such as *Haven v. Wentworth,* 2 N.H. 93 (1819); *Swamscot Machine Co. v. Partridge,* 25 N.H. 369 (1852); *Bucklin v. Powell,* 60 N.H. 119 (1880) holding that an insurer is not chargeable as a trustee of the insured while the amount due under the policy is unliquidated. The defendant also argues that adoption of the *Seider* rule by several States could result in significant and unnecessary interstate conflicts and create constitutional problems. *See Minichiello v. Rosenberg,* 410 F.2d 106, 117 (2d Cir. 1968); *Simpson v. Loehmann,* 21 N.Y.2d 305, 234 N.E.2d 669 (1967); Note, *Attachment of Liability Insurance Policies,* 53 Cornell L. Rev. 1108 (1968).

The plaintiff urges this court to adopt and apply the *Seider* rule in this case on the ground that the historical limitations

on quasi-in-rem jurisdiction with their rigid tests are giving way to a more realistic and reasonable evaluation of the respective rights of plaintiffs, defendants, and the States. "Such an evaluation requires a practical appraisal of the situation of the various parties rather than an emphasis upon somewhat magical and medieval concepts of presence and power." *Simpson v. Loehmann,* 21 N.Y.2d 305, 311, 234 N.E.2d 669, 672 (1967). Plaintiff also points out that there is "a movement away from the bias favoring the defendant, in matters of personal jurisdiction 'toward permitting the plaintiff to insist that the defendant come to him' when there is sufficient basis for doing so." *Minichiello v. Rosenberg,* 410 F.2d 106, 110 (2d Cir. 1968); *see* RSA 264:1, 2; *Bolduc v. Richards,* 101 N.H. 303, 142 A.2d 156 (1958). *See also* RSA 407:17. Plaintiff argues that this court has already adopted such an approach of assessing and giving effect to changing considerations when it departed from the former rigidity which characterized the law of torts when residents of different States were involved. *Clark v. Clark,* 107 N.H. 351, 222 A.2d 205 (1966).

We are of the opinion that the basis for exercising quasi-in-rem jurisdiction over the rights of defendant McChesney which arise from his liability insurance policy can be found in *Robinson v. Carroll,* 87 N.H. 114, 174 A. 772 (1934). In that case the plaintiff was seeking the appointment of an administrator of the estate of the driver of an automobile whose negligence, while operating the car with the consent of the owner, was alleged to have caused the death of plaintiff's intestate. The only estate of the deceased driver in this State was a liability insurance policy covering him for the accident. In ordering the appointment of an administrator the court said (p. 117): "Although performance of the promise claimed as estate is not yet due and will not be until its conditions are fulfilled, it is an obligation of a contractual nature. It is estate . . . owned by the decedent when he died. The event had taken place on account of which he was entitled to protection if certain things were done. The claim which was then his is no different to constitute estate than an unmatured note . . . . A debt may have value before it becomes due, although it may eventually prove to be a loss. The condi-

tions to which the promise is subject and which bar action on it until their fulfillment do not make it any less an existing obligation." *See Clark v. Insurance Co.,* 87 N.H. 353, 356, 179 A. 352, 354 (1935).

It is well established that the liability of the insurer to indemnify becomes fixed on the happening of an accident within the coverage of the policy, subject to defenses which may arise thereafter. *Milwaukee Ins. Co. v. Morrill,* 100 N.H. 239, 241, 123 A.2d 163, 165 (1956); *Stonborough v. Preferred Accident Ins. Co.,* 292 N.Y. 154, 54 N.E.2d 342 (1944); *see* RSA ch. 268. Furthermore there also arises at that time an obligation on the part of the insurer to defend the insured against claims made against him which persists until the claim is disposed of. *Sutton Mut. Ins. Co. v. Rolph,* 109 N.H. 142, 244 A.2d 186 (1968); *Goldberg v. Lumber Mut. Cas. Ins. Co.,* 297 N.Y. 148, 77 N.E.2d 131 (1948). We hold that these present and definite obligations under the defendant's policy constitute a sufficient property right within the broad terms of RSA 511:1 to be attachable by trustee process in the hands of the insurer. If such rights against the insurer are substantial enough to constitute estate to support probate jurisdiction they are sufficient to support their attachment by trustee process. *Robinson v. Carroll,* 87 N.H. 114, 174 A. 772 (1934); *Turner v. Evers,* 31 Cal. App. 3d Supp. 11, 107 Cal. Rptr. 390 (1973). When the attachment is accompanied by personal service on the defendant in New York and an opportunity for him to be heard, New Hampshire possesses jurisdiction to adjudicate in rem the rights arising from his policy. *Harris v. Balk,* 198 U.S. 215, 49 L. Ed. 1023, 25 S. Ct. 625 (1905); *Rintala v. Shoemaker,* 42 U.S.L.W. 2148 (U.S. Sept. 18, 1973); Restatement (Second) of Conflicts of Laws §57 (1971); R. Leflar, American Conflicts Law §§19-21 (1968). The case of *Palmer v. Company,* 79 N.H. 28, 103 A. 943 (1918), holding the contrary is hereby overruled.

The *Seider* procedure recognizes that in a case such as the present one the insurer is in full control of the litigation, selects the attorney who is to defend the insured, decides if and when to settle, and makes all procedural decisions in connection with the litigation. *Simpson v. Loehmann,* 21 N.Y.2d 305, 311, 234 N.E.2d 669, 672 (1967). This court

has recognized that the presence of insurance is a factor to be considered in deciding certain cases. *Dunlap v. Dunlap,* 84 N.H. 352, 367, 150 A. 905, 912 (1930); *Johnson v. Johnson,* 107 N.H. 30, 32, 216 A.2d 781, 783 (1966); *Briere v. Briere,* 107 N.H. 432, 435, 224 A.2d 588, 590 (1966). Our superior court has also recognized this fact in its amended rule 60 (h). RSA 491: App. R. 60 (h) (Supp. 1972). It is not contested that the insurer had an office in New Hampshire and is authorized to do, and did, business in this State. This is a sufficient basis to justify the exercise of jurisdiction over it. *Roy v. Transairco Inc.,* 112 N.H. 171, 291 A.2d 605 (1972).

Permitting attachment of the defendant's rights in his insurance policy by trustee process on the insurer is not a direct action against it to obtain indemnity which is prohibited by the terms of the policy. The action is one against the insured for damages to which the insurer is not a party but merely a garnishee. Such a proceeding does not fall within the purpose of the no direct action clause which "is intended to protect the insurer from collusive or overly generous or unnecessary settlements by the insured at the expense of the insurer." *Merchants Mut. Ins. Co. v. Transformer Serv. Inc.,* 112 N.H. 360, 363, 298 A.2d 112, 115 (1972).

Our legislature has provided a means by which foreign motorists who have been involved in an accident on our highways can be submitted to the jurisdiction of our courts in actions for damages resulting therefrom. RSA ch. 264 (Supp. 1972). The State of New Hampshire has a similar interest in providing a resident plaintiff the use of our courts to obtain redress for injuries incurred in an accident on an out-of-State highway particularly when the State of residence of the defendant would furnish the defendant a forum if the roles were reversed. *Simpson v. Loehmann,* 21 N.Y.2d 305-19, 234 N.E.2d 669-77 (1967).

Adoption of the *Seider* rule does not subject the insured, as argued by the defendant, to the Hobson's choice of losing coverage for not cooperating with his insurer or subjecting himself to personal liability for a judgment in excess of the policy limits. In *Maryland Casualty Co. v. Martin,* 88 N.H. 346, 348, 189 A. 162, 164 (1937), dealing with cases in which a defendant submits himself to in personam jurisdiction by

certain pleadings or other actions, this court said: "Nothing said herein is of bearing on a special appearance entered by one not subject to the jurisdiction for the purpose of defending his rights in property attached or of asserting his claim of interest in property or a *res* which is the subject of controversy." We hold that if the defendant comes to New Hampshire to defend his rights under his insurance policy attached by trustee process in this State he would not submit himself to an in personam judgment for any excess which would not be satisfied by the policy under attachment. Furthermore he could not be served with process to obtain personal jurisdiction over him while attending any court proceedings relating thereto or coming or returning from the same. *Pitman v. Cunningham,* 100 N.H. 49, 118 A.2d 884 (1955).

If application of the *Seider* rule in a particular case would cause substantial and undue hardship to the defendant, the trial court could apply the doctrine of inconvenient forum and refuse to take jurisdiction in that case. *Thistle v. Halstead,* 95 N.H. 87, 58 A.2d 503 (1948); *Van Dam v. Smit,* 101 N.H. 508, 148 A.2d 289 (1959). We cannot say that under the circumstances of this case especially where it is alleged that the plaintiff's action is now barred in other jurisdictions that the trial court abused its discretion in entertaining jurisdiction. *Van Dam v. Smit supra.*

We are not holding that the *Seider* rule is to be applied generally to all cases of foreign motorists insured by a company with an office in this State and licensed to do business in New Hampshire. We are merely holding that under the circumstances of this case in a suit by a resident of New Hampshire against a resident of New York where the *Seider* rule prevails the trial court properly denied the defendant's motion to dismiss plaintiff's action.

*Exception overruled.*

Grimes, J., dissented; the others concurred.